UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON SCOTT HOUNIHAN,<br><br>          Plaintiff,<br><br>     v.<br><br>WELL PATH HEALTH CARE PROVIDER, et al.,<br><br>          Defendants. | No. 1:23-cv-00812-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION<br><br>(ECF No. 7) |

Plaintiff is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Plaintiff filed the instant complaint on May 25, 2023. (ECF No. 1.)

On May 30, 2023, the Court screened the complaint, found that Plaintiff failed to state a cognizable claim for relief, and granted Plaintiff thirty days to file an amended complaint. (ECF No. 5.)

Plaintiff failed to file an amended complaint or otherwise respond to the May 30, 2023 order. Therefore, on July 11, 2023, the Court issued an order for Plaintiff to show cause why the action should not be dismissed. (ECF No. 7.) Plaintiff has failed to respond to the order to show cause and the time to do so has now passed. Accordingly, dismissal of the action is warranted.

**I.**

1

**SCREENING REQUIREMENT**

The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Individuals proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**II.**

**SUMMARY OF ALLEGATIONS**

The Court accepts Plaintiff's allegations in his complaint as true *only* for the purpose of the screening requirement under 28 U.S.C. § 1915.

Plaintiff is currently incarcerated at the Bob Wiley Detention Center and names Wellpath Healthcare Provider, nurse Erica Guillen, nurse Crystal Benedix, and nurse Alexis Parrish, as Defendants.

As best the Court can decipher, Plaintiff contends that Defendants "took advantage of a scenario of a medical response for their own personal gain claiming symptoms of explosive through a mask!" Because of Defendants' actions, Plaintiff had to fight for his life for seven months due to false claims of serious bodily injury. Plaintiff just went to his preliminary hearing and he is being subjected to false imprisonment.

## III.

## DISCUSSION

### A. Legibility of Complaint

Plaintiff's one page complaint contains handwritten allegations in print that is very difficult to read. As a result, the Court cannot determine the exact nature of Plaintiff's claim. Thus, if Plaintiff chooses to file an amended complaint, Plaintiff must print legibly in a font size that is easily read and leave sufficient space between words. Local Rule 130(b), (c).

### B. Wellpath as a Defendant

Plaintiff has named Wellpath Healthcare for alleged constitutional violations. A private defendant can be liable under § 1983 for actions under color of state law. West v. Atkins, 487 U.S. 42, 54 (1988). In West, the Supreme Court held "a physician employed by [a state] to provide medical services to state prison inmates[ ] acted under color of state law for purposes of § 1983" when he treated an inmates' injuries. Id. The Ninth Circuit has extended that rule to private entities "under contract" with a state "to provide medical services." Lopez v. Department of Health Services, 939 F.2d 881, 883 (9th Cir. 1991) (per curiam).

However, Plaintiff has not alleged any factual allegations of wrongdoing by Wellpath Healthcare. Plaintiff merely lists Wellpath Healthcare as a Defendant. Plaintiff has been unable to allege constitutional violations by the purported employees of Wellpath, Erica Guillen, Crystal Benedix, and Alexis Parrish. Therefore, as there are no allegations that Wellpath engaged in conduct violative of Plaintiff's constitutional rights, Plaintiff fails to state a cognizable claim.

### C. Cruel and Unusual Punishment

Where a pretrial detainee challenges conditions of confinement, however, such claims "arise under the Fourteenth Amendment's Due Process Clause, rather than under the Eighth

3

1  Amendment's Cruel and Unusual Punishment Clause." Gordon v. Cty. of Orange, 888 F.3d 1118,
2  1124 (9th Cir. 2018) (internal quotation marks omitted). The standard under the Fourteenth
3  Amendment for a pretrial detainee "differs significantly from the standard relevant to convicted
4  prisoners, who may be subject to punishment so long as it does not violate the Eighth
5  Amendment's bar against cruel and unusual punishment." Olivier v. Baca, 913 F.3d 852, 858 (9th
6  Cir. 2019) (citation omitted).

7  "In evaluating the constitutionality of conditions or restrictions of pretrial detention that
8  implicate only the protection against deprivation of liberty without due process of law, ... the
9  proper inquiry is whether those conditions amount to punishment of the detainee." Bell v.
10 Wolfish, 441 U.S. 520, 535; see also Block v. Rutherford, 468 U.S. 576, 583-85 (1984).

11 A pretrial detainee's conditions of confinement claim is governed by a purely objective
12 standard. See Gordon, 888 F.3d at 1124-25.3 A pretrial detainee must therefore show that: (1) a
13 particular defendant made an intentional decision with respect to the conditions under which the
14 pretrial detainee was confined; (2) those conditions put him at substantial risk of suffering serious
15 harm; (3) the defendant did not take reasonable available measures to abate that risk, even though
16 a reasonable officer in similar circumstances would have appreciated the high degree of risk --
17 making the consequences of the defendant's conduct obvious; and (4) by not taking such
18 measures, the defendant caused the detainee's injuries. Id.

19 With respect to the third element, the defendant's conduct must be objectively unreasonable,
20 a test that "turns on the facts and circumstances of each particular case." Kingsley v. Hendrickson,
21 576 U.S. 389, 397 (2015) (internal quotation marks omitted). "A court must make this
22 determination from the perspective of a reasonable officer on the scene, including what the officer
23 knew at the time, not with the 20/20 vision of hindsight." Id.

24 **D.     False Imprisonment**

25 Because he is currently incarcerated and seeks release from that incarceration, such a claim
26 must be brought at this time in a habeas corpus action and not in a 42 U.S.C. § 1983 civil rights
27 action. See Nettles v. Grounds, 830 F.3d 922, 925, 930-31 (9th Cir. 2016) (en banc) (holding that
28 claims which would necessarily lead to immediate or earlier release from confinement lie at core

of habeas and must be brought if at all on habeas and not under 42 U.S.C. § 1983); Wallace v. Kato, 549 U.S. 384, 389 (2007) (noting that a 42 U.S.C. § 1983 claim for false imprisonment accrues when the alleged false imprisonment ends). Accordingly, Plaintiff fails to state a cognizable claim for false imprisonment.

### E. False Allegations

Prisoners do not have a liberty interest in being free from false accusations of misconduct. This means that the falsification of a report, even when intentional, does not alone give rise to a claim under § 1983. Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986) ("The prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest."); Buckley v. Gomez, 36 F. Supp. 2d 1216, 1222 (S.D. Cal. 1997) (stating that "a prisoner does not have a constitutional right to be free from wrongfully issued disciplinary reports[ ]"). Accordingly, Plaintiff does not and cannot state a claim for relief based on alleged false allegations.

### IV.

### FAILURE TO OBEY COURT ORDER AND FAILURE TO PROSECUTE

Here, the Court screened Plaintiff's complaint, and on May 30, 2023, an order issued providing Plaintiff with the legal standards that applied to his claims, advising him of the deficiencies that needed to be corrected, and granting him leave to file an amended complaint within thirty days. (ECF No. 5.) Plaintiff did not file an amended complaint or otherwise respond to the Court's May 30, 2023 order. Therefore, on July 11, 2023, the Court ordered Plaintiff to show cause within fourteen (14) days why the action should not be dismissed. (ECF No. 7.) Plaintiff failed to respond to the July 11, 2023 order and the time to do so has passed.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).

///

A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

"In determining whether to dismiss an action for lack of prosecution, the district court is required to consider several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.' " Carey, 856 F.2d at 1440 (quoting Henderson, 779 F.2d at 1423). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

In this instance, the public's interest in expeditious resolution of the litigation and the Court's need to manage its docket weigh in favor of dismissal. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d at 1226. Plaintiff was ordered to file an amended complaint within thirty days of May 30, 2023 and has not done so. Plaintiff's failure to comply with the order of the Court by filing an amended complaint hinders the Court's ability to move this action towards disposition. This action can proceed no further without Plaintiff's compliance with the order and his failure to comply indicates that Plaintiff does not intend to diligently litigate this action.

Since it appears that Plaintiff does not intend to litigate this action diligently there arises a rebuttable presumption of prejudice to the defendants in this action. In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994). The risk of prejudice to the defendants also weighs in favor of dismissal.

The public policy in favor of deciding cases on their merits is greatly outweighed by the factors in favor of dismissal. It is Plaintiff's responsibility to move this action forward. In order for this action to proceed, Plaintiff is required to file an amended complaint curing the deficiencies in the operative pleading. Despite being ordered to do so, Plaintiff did not file an amended complaint or respond to the order to show cause and this action cannot simply remain idle on the Court's docket, unprosecuted. In this instance, the fourth factor does not outweigh Plaintiff's failure to comply with the Court's orders.

Finally, a court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 F.2d at 132-33; Henderson, 779 F.2d at 1424. The Court's May 30, 2023, order requiring Plaintiff to file an amended complaint expressly stated: "If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend to a district judge that this action be dismissed consistent with the reasons stated in this order." (ECF No. 5.) In addition, the Court's July 11, 2023, order to show cause specifically stated: "Plaintiff's failure to comply with this order will result in a recommendation to dismiss the action for the reasons stated above." (ECF No. 7.) Thus, Plaintiff had adequate warning that dismissal would result from her noncompliance with the Court's order.

## V.

## ORDER AND RECOMMENDATION

The Court has screened Plaintiff's complaint and directed Plaintiff to file an amended complaint within thirty days. Plaintiff has failed to comply with the Court's order to file an amended and has not responded to the Court's order to show why the action should not be dismissed. In considering the factors to determine if this action should be dismissed, the Court finds that this action should be dismissed for Plaintiff's failure to obey the May 30, 2023 and July 11, 2023 orders, failure to prosecute this action, and failure to state a cognizable claim for relief.

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that this action be dismissed for Plaintiff's

failure to comply with a court order, failure to prosecute, and failure to state a cognizable claim for relief.

This Findings and Recommendation is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within **fourteen (14) days** of service of this Recommendation, Plaintiff may file written objections to this findings and recommendation with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The district judge will review the magistrate judge's Findings and Recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **August 4, 2023**

UNITED STATES MAGISTRATE JUDGE